ORIGINAL

# United States District Court
NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Ruben Jerome Lawrence

**CRIMINAL COMPLAINT**

Case Number: 1:18-MJ-006

*FILED IN CHAMBERS*
*U.S.D.C. - Atlanta*
*JAN 03 2018*
*James N. Hatten, Clerk*
*By: [signature] Deputy Clerk*

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

Ruben Jerome Lawrence is a material witness in *United States v. Raphael Menard and Leshanda Hunte*, Crim. No. 1:17-cr-193-WSD-CMS in the Northern District of Georgia, and it is impracticable to secure by subpoena his attendance as a witness at the trial set in the aforesaid Criminal Case for February 12, 2018. Therefore, the arrest of Ruben Jerome Lawrence should be ordered pursuant to Title 18 United States Code, Section 3144. I further state that I am a Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

_____
Signature of Complainant
Keith Speers

Based upon this complaint, this Court finds that there is probable cause to believe that Ruben Jerome Lawrence is a material witness in Criminal Case No. 1:17-cr-193-WSD-CMS, and that it is impracticable to secure his presence at trial by serving a subpoena. Sworn to before me, and subscribed in my presence.

January 3, 2018                                   at   Atlanta, Georgia
Date                                                     City and State

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE                   _____
Name and Title of Judicial Officer                Signature of Judicial Officer
AUSA Trevor Wilmot

ISSUED AND DELIVERED
TO U.S. MARSHAL
BY: [signature] 1/3/18
DEPUTY CLERK

## AFFIDAVIT

1. I, Keith L. Speers, first being duly sworn, depose, and say that this affidavit is prepared in support of a material witness arrest warrant for **Ruben Jerome Lawrence** pursuant to Title 18, United States Code, Section 3144.

2. I am a Postal Inspector with the United States Postal Inspection Service. I have been a Postal Inspector since August 2013.

3. I became aware of the following facts while performing my official duties, and while assisting IRS Special Agent Mario Buford, the case agent in *United States v. Raphael Menard and Leshanda Hunte*, Case No. 1:17-CR-193-WSD-CMS (N.D. Ga.). This affidavit is being submitted for the limited purpose of obtaining a material witness warrant. It sets forth only those facts that I believe are necessary to establish probable cause that the testimony of **Ruben Jerome Lawrence** is material in a criminal proceeding and it would be impracticable to secure his presence by subpoena. This affidavit does not include every fact developed in the course of this investigation.

4. The trial in this case is set to begin on February 12, 2018, before the Honorable William S. Duffey. The trial, expected to last approximately one week, concerns the theft of government money obtained by the filing of false and fraudulent income tax returns with the IRS. **Lawrence** is a fact witness in the case.

*Lawrence is a fact witness with firsthand
knowledge of the Defendants' Scheme*

5.  The indictment charges that in or about October 2012, Chase Bank froze personal checking accounts belonging to the Defendants after the bank became suspicious about the deposit of numerous third party tax refund checks. The bank said they would only release the proceeds of the refund checks if the Defendants brought the taxpayer named on each check into the bank and sign a release letter authorizing payment to the Defendants.

6.  The Government had issued one of the refund checks in question to a U.S. taxpayer with the initials J.A. And the indictment charges that on or about October 31, 2012, Defendant Leshanda Hunte brought an individual into the bank who presented two fake identifications in J.A.'s name, including a Florida driver's license. The evidence developed in the investigation shows that the J.A. impersonator was **Lawrence**.[1] Chase Bank employees were deceived by Hunte and **Lawrence**, and the bank released $8,573 (the amount of J.A.'s refund) in cash to Hunte.

7.  Two days later, on November 2, 2012, Menard was arrested at Chase Bank after trying to pull off the same fraud for a different taxpayer. The car Menard drove to the bank was owned and registered to **Lawrence**. Inside the car, police found the fake Florida driver's license in the name of J.A. And agents learned that

---

[1] During the IRS investigation, Hunte's sister said that **Lawrence** and Hunte are first cousins.

**Lawrence's** actual U.S. Passport photo matches the photo on the fake Florida's driver license in the name of J.A.

8.  Defendants Menard and Hunte are charged with conspiracy to steal government money, and with theft of government money relating to the theft of tax refund money deposited into their personal bank accounts, in violation of 18 U.S.C. §§ 371 and 641 and 2. (*See U.S. v. Menard, et al.*, 1:17-CR-193-WSD-CMS (N.D. Ga. 2017) (Doc. 1.)) Counts One and Six of the indictment relate to the theft of the refund check issued to J.A. described above.

*Lawrence is avoiding service of a subpoena*

9.  On December 1, 2017, at approximately 10:30am, IRS agents attempted to serve **Lawrence** with a trial subpoena at 117 Love Lane, Woodstock, Georgia. This address is known to be the residence of Leshanda Hunte's sister, Jaunta Hunte-Stinnett. **Lawrence's** black 2010 Ford Edge, Georgia license plate number WGF136, was parked outside of Hunte-Stinnett's townhouse and/or apartment unit. IRS agents knocked on the 117 Love Lane door, in an attempt to serve **Lawrence** with a trial subpoena. Hunte-Stinnett answered the door. Special Agent Buford requested to speak with **Lawrence**. Hunte-Stinnett stated that **Lawrence** was not at the 117 Love Lane residence and that **Lawrence** left his car at her residence a few days ago.

10. Agents asked Hunte-Stinnett if she could call **Lawrence** with her phone. Hunte-Stinnett called **Lawrence** with her cell phone and spoke briefly with **Lawrence** on speakerphone.

   a. Special Agent Buford informed **Lawrence** that he needed to provide **Lawrence** with some court documents. **Lawrence** stated he was not in town and that he was doing contract work. **Lawrence** said he was in Alabama but refused to say where. **Lawrence** said he would call Special Agent Buford when he returned to town. **Lawrence** told agents that he would return to town on December 17, 2017.

11. Special Agent Buford called **Lawrence's** telephone number on Monday, December 18, 2017, one day after the date **Lawrence** said he would return to town. **Lawrence** did not answer Special Agent Buford's phone call. Special Agent Buford left a voice message with his phone number and requested **Lawrence** to return his phone call.

12. On December 21, 2017, I visited Hunte-Stinnett's residence at 117 Love Lane at approximately 2:00pm and attempted to serve **Lawrence** with a trial subpoena but no one answered the door. I left a business card in the door frame, but have not since been contacted by any occupants of the residence.

13. On December 21, 2017, I researched the name **Ruben Lawrence** on CLEAR, a research database, to obtain possible phone

numbers and home addresses for **Lawrence**. That day, I also visited 400 Canterbury Ridge Parkway, Unit 408, Canton, GA, an address I obtained from the CLEAR database as a residence for **Lawrence**. At approximately 2:30pm I attempted to serve **Lawrence** with a trial subpoena, but no one answered the door.

14. Also on December 21, 2017, I called a phone number for **Lawrence** that I obtained from the CLEAR database, and spoke with a man who confirmed his name as "**Ruben Lawrence**" and who said he lived in Georgia. I explained that I am a federal agent and had a witness subpoena to serve to him. **Lawrence** responded, "Good Luck" and hung up on me. Based on my knowledge of the efforts to find **Lawrence**, I interpreted this comment to mean that Lawrence intends to evade law enforcement to avoid service of the subpoena.

15. On December 29, 2017, I again attempted to serve **Lawrence** around 10:00am at 117 Love Lane, Woodstock, GA and was unable to contact him. I again left my business card secured in the door frame. That same day, I called the number I had for **Lawrence** and the phone call was sent to voicemail, after several rings.

16. Based on my experience as a law enforcement agent and the facts set forth herein, I believe that Lawrence is a material witness in the trial of U.S. v. Menard et al., and that it is impracticable to secure **Lawrence's** attendance at trial by subpoena. Accordingly, your affiant respectfully requests that a material witness warrant be issued authorizing your affiant or any other federal, state, or local law

enforcement agent, duly authorized, to arrest and bring forth **Ruben Jerome Lawrence** for his testimony in connection with the prosecution of *United States v. Menard et al.*, Case No. 1:17-CR-193-WSD-CMS, in accordance with Title 18, United States Code, Section 3144.

END OF AFFIDAVIT